IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONEL HARDEMAN, JR., | § | |
| #22012340, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1247-D-BN |
| | § | |
| JOHN CREUTOZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lonel Hardeman, Jr., incarcerated at the Dallas County jail, filed a
*pro se* complaint under 42 U.S.C. § 1983 concerning his 2005 conviction for robbery
in Dallas County, requesting that the Court overturn the conviction and award him
monetary damages. *See* Dkt. No. 3. Senior United States District Judge Sidney A.
Fitzwater referred the complaint to the undersigned United States magistrate judge
for screening under 28 U.S.C. § 636(b) and a standing order of reference. And, through
a separate order, the Court will grant Hardeman's motion for leave to proceed *in
forma pauperis* under the Prison Litigation Reform Act (the PLRA).

Where a plaintiff who is imprisoned or detained pending trial seeks relief from
a governmental entity or employee, a district court must, on initial screening under
the PLRA, identify cognizable claims or dismiss the complaint, or any portion of the
complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may
be granted" or "seeks monetary relief from a defendant who is immune from such
relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice, as Hardeman's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Applicable Background

In 2005, Hardeman was convicted of robbery and sentenced to 30 years of imprisonment. *See State v. Hardeman*, F04-73170 (283d Jud. Dist. Ct., Dall. Cnty., Jan. 11, 2005). This judgment was affirmed on appeal, and the Texas Court of Criminal Appeals (the CCA) refused discretionary review. *See Hardeman v. State*, No. 05-05-00113-CR (Tex. App. – Dallas Feb. 21, 2006, pet. ref'd); *Hardeman v. State*, PDR No. 368-06 (Tex. Crim. App. May 17, 2006). The CCA then denied Hardeman's state habeas petition without written order on the findings of the trial court. *See Ex parte Hardeman*, No. 50,981-05 (Tex. Crim. App. Nov. 5, 2008). And his federal habeas petition was denied as time barred. *See Hardeman v. Thaler*, No. 3:10-cv-197-P (N.D. Tex. Mar. 7, 2011), *C.O.A. denied*, No. 11-10322 (5th Cir. Aug. 3, 2011).

Hardeman now collaterally attacks his conviction through a civil complaint seeking $15.5 million in damages. *See, e.g.*, Dkt. No. 3 at 4, 11 ("I [have] been fighting this case for 18 years.").

## Discussion

"A complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177,

190 (5th Cir. 2022)). That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

[i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)). Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the

accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

As Hardeman fails to show that the criminal conviction that underlies his civil claims have been reversed, invalidated, or otherwise set aside, the claims in this lawsuit, calling that conviction into question, are currently subject to the rule in *Heck* and thus not cognizable. And the Court should dismiss this lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Lonel Hardeman, Jr.'s civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE